## Edward D. Sweeney, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,550.

1. EVIDENCE—*when written report not competent.* A written report of a conductor as to the manner of an accident's occurrence does not become competent if upon cross-examination such conductor is asked whether such report contains a particular statement and he replies in the negative.

2. TRIAL—*when remarks of counsel will not reverse.* If remarks of counsel are complained of a reversal will not follow unless an objection was made thereto, such objection overruled and an exception preserved to such ruling.

3. VERDICT—*when not excessive.* Held, that a verdict of $1,000 in an action against a traction company for assault committed by its employe was not excessive where it appeared that at the close of the affray the plaintiff's nose was bruised and swollen, his eyes blackened and one shoulder dislocated.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed May 11, 1909. Rehearing denied May 27, 1909.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $1,000 recovered by the plaintiff in an action on the case. The declaration alleged that plaintiff was a passenger on a street car of defendant; that the defendant by its servant, a conductor in charge of the car on which plaintiff was a passenger, wrongfully, etc., assaulted and beat plaintiff and threw him from the car to the ground, dislocating his shoulder and inflicting on him other injuries. The pleas were, first: not guilty; second: *son assault demesne,* and third: *molliter manus imposuit,* framed, it is stated in the brief of appellant, "on the assumption that plaintiff was ejected from the car for non-payment of his fare." To the special plea the plaintiff replied *de injuria.*

EDWARD C. HIGGINS and FERDINAND GOSS, for appellant; JOHN R. HARRINGTON, of counsel.

SIMEON ARMSTRONG, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff was a passenger on a north bound open car of defendant and sat at the east end of a seat with one leg thrown over the other. The conductor, in collecting fares, was compelled to pass along the foot-board on the east side of the car. The evidence for the defendant tends to show that plaintiff's foot extended over the foot board so that the conductor's clothing brushed against it as he passed along the foot board. Plaintiff testified that his foot did not extend beyond the floor of the car. The conductor testified that he showed plaintiff dirt on his clothing and asked him to move his foot; that the conductor moved plaintiff's foot with his hand and plaintiff said "leave that foot alone, keep your hands off of me," and further testified as follows: "I saw that he acted a little angry and his saying, 'Dont you touch that foot,' dared me not to touch it. I took hold of his foot, shoved it clear of the car, knocked it off from his knee." The plaintiff testified that the conductor threw his foot down twice. It is therefore undisputed that the first assault, the first trespass, was committed by the conductor. As to what occurred after the conductor threw plaintiff's foot down, the testimony is conflicting; that for the plaintiff tending to show that when the conductor threw plaintiff's foot down the second time he called plaintiff a vile name and struck him; that the conductor of another car in the train came to the assistance of the first conductor, struck plaintiff with a bell punch, and that the two repeatedly struck the plaintiff and finally pulled him from the car, and that for the defendant tending to show, that when the conductor threw plaintiff's foot down, the plaintiff struck him, and that whatever was

done by either conductor afterwards was done in self defense.

We think that on the evidence the question whether the conductor of the defendant wrongfully assaulted, beat and injured the plaintiff under such circumstances as to make the defendant liable for such acts, was a question of fact on which the verdict must be held conclusive.

We think the court did not err in refusing to admit the report of the occurrence to the defendant, signed by the conductor and motorman of the car on which plaintiff was a passenger, which was offered in evidence by the defendant.

Both the conductor and motorman were asked on cross examination whether said report did not state that the passenger refused to pay his fare and because of such refusal was ejected from the car, and both answered that the report contained no such statement. The report offered in evidence contains no such statement. If on the cross examination the defendant had succeeded in putting in evidence any part of the contents of the report, the defendant would have had the right to put in evidence the entire report. But no evidence of the contents of the report was elicited on the cross examination. The testimony as to its contents was only negative; that it did not contain a certain statement, and such testimony did not make the report admissible for the defendant.

The record shows objections by the defendant to remarks of counsel for the plaintiff in argument, and exceptions to such remarks, but no exceptions by defendant to any ruling of the court on objections to remarks of counsel for the plaintiff. The contention that the judgment should be reversed because of remarks and comments in the argument of plaintiff's counsel cannot be sustained.

At the close of the affray plaintiff's nose was bruised and swollen, his eyes blackened and one shoulder dislocated. We think that from the evidence

the jury might properly find that such injuries were sustained at the hands of the conductor of the car on which he was a passenger, and that for such injuries, inflicted under such circumstances, the damages awarded by the jury cannot be held excessive.

The record is, we think, free from error, and the judgment will be affirmed.

*Affirmed.*